UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LAZERSON,<br><br>    Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>    Defendant. | Case No. 18-cv-05563-JSW<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 50 |

    Now before the Court for consideration is the motion to intervene filed by NewRez LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Movant"). The Court has considered Movant's brief and request for judicial notice, Plaintiff's opposition and the materials submitted in opposition, relevant legal authority, and the record in this case. For the reasons that follow, the Court GRANTS the motion.

    The facts underlying this dispute are set forth in the Court's Order denying Plaintiff's motion to remand and granting, with leave to amend, the motion for judgment on the pleadings filed by Defendant Caliber Home Loans, Inc. ("Caliber") (*See* Docket No. 46.) Instead of amending his complaint, Plaintiff and Caliber filed a stipulation to dismiss. However, Plaintiff never withdrew a *lis pendens* that he recorded while the litigation was pending. Caliber assigned the Deed of Trust on the real property at issue to Movant in January 2023. Movant is seeking leave to intervene under Federal Rule of Civil Procedure 24 for the purpose of filing a motion to expunge the *lis pendens*.

    Under Rule 24(a), a party seeking to intervene as of right must show that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the

applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly*, 159 F.3d at 409.

Permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir.2013). Unlike intervention as of right, "even if all three requirements are satisfied, the district court has discretion to deny permissive intervention." *SEC v. Small Bus. Capital Corp.*, Civ. No. 5:12–03237 EJD, 2014 WL 3749900, at *2 (N.D. Cal. June 29, 2014). "[P]ractical and equitable considerations play a large role in a court's decision to grant or deny permissive intervention." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 1:12-cv-02182-KJM-KJN, 2016 WL 5847010, at *5 (E.D. Cal. Oct. 6, 2016) (citing *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

In exercising its discretion, the court must consider whether the intervention would prejudice the parties or delay the litigation, or whether the intervenor would contribute to the development of the facts and the equitable adjudication of the legal questions, are important considerations. *Id.*; see also Fed. R. Civ. P. 24(b)(3). "[T]he court may also consider other factors in the exercise of discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Plaintiff's opposition to the motion does not address any of the factors the Court must consider under Rule 24(a) or Rule 24(b) and, instead, addresses the merits of why the *lis pendens* should remain in place. The Court concludes that whether as a matter or right or by permission, Movant has met its burden to show intervention is warranted.

Accordingly, the Court GRANTS the motion and permits Movant to intervene for the

limited purpose of moving to expunge the *lis pendens* recorded in 2018.  The Court expresses no opinion on the merits of such a motion, and Plaintiff is free to renew all arguments raised in his opposition to the motion to intervene.

**IT IS SO ORDERED**.

Dated: August 29, 2023

_____
JEFFREY S. WHITE
United States District Judge